UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Anthony J. Fusco

   v.                                           Case No. 19-cv-1062-JL

John A. Woodcock, Jr.

## Report and Recommendation

Appearing pro se and in forma pauperis, plaintiff Anthony J. Fusco of Old Orchard Beach, Maine, has filed a complaint (Doc. No. 1) with addenda (Doc. Nos. 3-10) against John A. Woodcock, Jr., United States District Court Judge for the District of Maine. The complaint and addenda are before this magistrate judge for preliminary review. See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2).

## Standard of Review

The court screens complaints filed by plaintiffs proceeding in forma pauperis to determine, among other things, whether the plaintiff has asserted any claim upon which relief might be granted or seeks monetary relief from any defendant who is immune from the relief sought. See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2). To determine if the pleading states a claim upon which relief can be granted, the court first disregards any parts of the pleading that amount to legal conclusions; next,

1

takes as true all well-pleaded facts in the plaintiff's complaint, the inferences reasonably drawn from those facts, implications from documents incorporated into the complaint, and facts subject to judicial notice; and finally, construes those facts in a light most favorable to the plaintiff's theory of liability.  See Breiding v. Eversource Energy, 939 F.3d 47, 49 (1st Cir. 2019); Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013).  In determining whether a pro se pleading states a claim upon which relief can be granted, the court construes the pleading liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

## Background

In the complaint, filed October 10, 2019, Mr. Fusco accuses defendant Woodcock of obstruction of justice, aiding and abetting several felonies, suborning perjury, and breach of ethics.  See Compl. (Doc. No. 1), at 1.  Fusco also accuses Judge Woodcock of denying him the right to a jury trial.  See id. at 2.  Fusco does not allege any facts in the complaint to support his accusations.  In fact, there is nothing in the complaint that indicates whether Woodcock's alleged misconduct took place in a criminal or civil case.

Fusco has attached 60 pages of documents (Doc. No. 1-1) to the complaint.  The majority are copies of variously dated

writings by Fusco, interspersed with copies of legal documents, or pages from legal documents, from cases in Maine state courts or the federal district court in Maine. Fusco's writings are, for the most part, narrative diatribes about lawyers, judges, Maine officials, and others involved in his previous state and federal cases.

Fusco has filed additional documents (Doc. Nos. 3-10), totaling about 50 pages, which the court construes as addenda to the complaint. Although some documents are letters Fusco has addressed to this court, including a postcard asking, "ET-TU LAPLANTE-ET-TU[?]  THE LIAR-CHEAT THIEF JOHN A WOODCOCK JR. SENT (2) U.S. MARSHALS 'TO NO AVAIL' PERHAPS 'YOU' SHOULD SEND THE U.S. MARINES," Feb. 3, 2020 Addendum (Doc. No. 7), the remainder pre-date the filing of this civil action and generally are along the same lines as the documents attached to the complaint (i.e. copies of letters, other writings, newspaper clippings). Again, nothing in the addenda hints at a factual basis for Fusco's claims against defendant Woodcock, except the assertion that "in [Fusco's] Opinion," defendant Woodcock took a bribe "[t]o [r]ule [t]he [w]ay he [d]id[.]"  Feb. 24, 2020 Addendum (Doc. No. 6, at 1).

From what little the court can decipher of the complaint and the 110 pages of the other documents Fusco has filed, it appears Fusco was a plaintiff in a case in Maine state court

against employees of Unum Life Insurance Company of America, one or more state employees, and possibly one or more employees of his former employer, Shalom House, related to how "Unum Life Insurance Company of America, handled his 2013 claim for long-term disability benefits pursuant to a group insurance policy issued by Unum to [Fusco's] former employer, Shalom House." See Not. of Removal (Doc. No. 1-1, at 23).  It further appears that the case was removed from the state court to the federal district court of Maine, Judge Woodcock presiding.  What is clear from the filings is that Fusco is unhappy with the way Judge Woodcock handled and decided the case.

## Discussion

I.  Venue

Venue is appropriate in the judicial district where all the defendants reside, or where a substantial part of the events giving rise to the plaintiff's claims occurred.  See 28 U.S.C. § 1391(b).  Where the defense of improper venue is "'obvious from the face of the complaint and no further factual record is required to be developed,'" the court may, sua sponte, dismiss the case.  Cox v. Rushie, No. CA 13-11308-PBS, 2013 U.S. Dist. LEXIS 86794 at *14, 2013 WL 3197655 at *4 (D. Mass. June 18, 2013) (quoting Trujillo v. Williams, 465 F.3d 1210, 1217 (10th

Cir.2006)); see also Algodonera De Las Cabezas, S.A. v. Am. Suisse Capital, Inc., 432 F.3d 1343, 1345 (11th Cir. 2005).

The undersigned discerns no basis for this case to be filed in the District of New Hampshire. Plaintiff lives in Maine, and presumably so does Judge Woodcock, making venue proper in the District of Maine. See 28 USC § 1391(b).

II. Transfer

This court may transfer a case to another district court where venue is proper, in the interest of justice or for the convenience of the parties. See 28 U.S.C. §§ 1406(a); 1412. It would not be in the interest of justice to transfer this case to the District of Maine.

    A. Judicial Immunity

As a federal judge, Judge Woodcock is immune from civil lawsuits for the performance of a core judicial function. See Zenon v. Guzman, 924 F.3d 611, 616 (1st Cir. 2019) ("[I]t is an axiom of black letter law that when a judge carries out traditional adjudicatory functions, he or she has absolute immunity for those actions."). If the court were to credit as true Fusco's opinion that the defendant took a bribe "[t]o [r]ule [t]he [w]ay he [d]id[,]" Feb. 24, 2020 Addendum (Doc. No. 6, at 1), the gravamen of Fusco's claims is that Woodcock acted

5

as a co-conspirator with Fusco's opponents by ruling as he did. By ruling on Fusco's case, however, Judge Woodcock was "performing a core judicial function requiring an independent exercise of judgment . . . ." Harper v. Begley, 37 F.3d 1484, 1994 U.S. App. LEXIS  29344, at *5, 1994 WL 577488, at *2 (1st Cir. Oct. 19, 1994) (unpublished table decision), making him absolutely immune from Fusco's claims, see Zenon, 924 F.3d at 616.

    B.    "Short and Plain Statement" Rule

Rule 8(a)(2) of the Federal Rules of Civil Procedure ("FRCP") provides that a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Rule 8(d) requires that each allegation in the complaint be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1); see also Fed. R. Civ. P. 10(b) (requiring each numbered paragraph to be "limited as far as practicable to a single set of circumstances").  "The purpose of a clear and succinct pleading is to give a defendant fair notice of the claim and its basis as well as to provide an opportunity for a cogent answer and defense." Belanger v. BNY Mellon Asset Mgmt., LLC, 307 F.R.D. 55, 57 (D. Mass. 2015) (citation omitted); see also Calvi v. Knox County, 470 F.3d 422, 430 (1st Cir. 2006).

This court cannot determine what Fusco contends defendant Woodcock did or did not do that caused him harm. Notwithstanding his claims that Woodcock obstructed justice, aided and abetted several felonies, suborned perjury, breached his ethical duty, and denied Fusco a jury trial in his civil action, Fusco fails to allege or state any facts to support those claims in his complaint.  Notably, he left the "Statement of Claim" section of his form civil complaint blank.  See Compl. (Doc. No. 1), at 3.

Furthermore, the attachments to the complaint and the addenda are mostly incoherent and highly repetitive rantings, overloaded with irrelevant content, including, for example, an anecdote of Fusco's visit to a favorite restaurant, a Presidents' Day Quiz, and quotes from Fusco's favorite movies. The attachments and addenda also contain superfluous, and in many cases, inflammatory allegations, as well as so many personal insults directed at Woodcock and others, that they are the textual equivalent of white noise.  In sum, Fusco's pleadings fail to comply with Rule 8.

## Conclusion

For the foregoing reasons, the district judge should dismiss Fusco's complaint for improper venue, failure to name a defendant who is not immune from the relief sought, and failure

to comply with Rule 8 of the Federal Rules of Civil Procedure. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

June 4, 2020

cc: Anthony J. Fusco, pro se